60838. WRIGHT v. GREAT LAKES DREDGE & DOCK COMPANY.

BANKE, Judge.

This appeal is from a directed verdict for the defendant in an action for damages for breach of an employment contract. The trial court received in evidence a document described in accompanying correspondence as "a memorandum setting forth salaries, bonuses, and other conditions for work on Dubai project." This document set forth the base yearly salary, overseas bonus, travel allowance and performance bonus payable to the employee. Transportation, living quarters, leave, and other matters were also mentioned in the document. No reference to duration of the employment, however, appears. The plaintiff contends that his employment was to continue four and one-half years based on conversations he had with one of defendant's agents, who allegedly told him that the company would be working on the project for that period. *Held:*

" 'As a general rule, the construction of a contract is a question for the court; but where the terms of a written instrument are ambiguous, its meaning should be left to the jury.' [Cits.]" *National Manufacture &c. Corp. v. Dekle,* 48 Ga. App 515, 521 (173 SE 408) (1933). Plaintiff failed to show any ambiguity concerning the term of his employment. His testimony suggests no commitment was made to him for a specific period of employment, either orally or otherwise. His testimony that, because of income tax considerations, he would not have accepted employment for less than 18 months is evidence only of his own state of mind.

We conclude, as did the trial court, that the evidence establishes without dispute that plaintiff was hired for an indefinite period. "An indefinite hiring may be terminated at will by either party." Code Ann. § 66-101.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

SUBMITTED OCTOBER 9, 1980 — DECIDED NOVEMBER 3, 1980 — REHEARING DENIED NOVEMBER 21, 1980.

*Lewis N. Jones, Robert B. Lipman,* for appellant.
*Searcy S. Garrison, Jr.,* for appellee.